IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–01297–EWN–PAC

LOUISE RITA KNOWLES,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, a Wisconsin
corporation,

    Defendant.

## ORDER AND MEMORANDUM OF DECISION

This is an insurance case. Plaintiff Louise Rita Knowles has asserted eleven causes of action against Defendant American Family Mutual Insurance Company for its alleged failure to pay a claim for property damage arising under a homeowner's insurance policy. This matter is before the court on: (1) on Plaintiff's "Motion to Remand," filed August 3, 2006; (2) Plaintiff's "Unopposed Motion for Leave to File First Amended Complaint," filed October 10, 2006; (3) Plaintiff's "Motion for Leave to Amend the Motion to Remand and Amended Motion to Remand," filed October 10, 2006; and (4) Plaintiff's "Unopposed Motion to Vacate October 13, 2006 Hearing on Plaintiff's Motion to Remand," filed October 10, 2006. Jurisdiction is premised upon 28 U.S.C. § 1332 (2006), diversity of citizenship.

A recitation of this case's procedural history will help contextualize the matter. On June 1, 2006, Plaintiff filed a complaint in the District Court of Boulder County, Colorado. (Compl.

[filed June 1, 2006].) On July 5, 2006, Defendant filed a notice of removal in this court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. (Notice of Removal [filed July 5, 2006].) On the same date, Defendant filed its answer. (Answer [filed July 5, 2006].) On August 3, 2006, Plaintiff filed a motion to remand, asserting that removal was improper because Defendant failed "to affirmatively show [sic] that the minimum amount in controversy is $75,000."[1] (Mot. to Remand at 2 [filed Aug. 2, 2006] [hereinafter "Pl.'s Br."].) On August 3, 2006, Defendant filed a response. (Def.'s Objection to Pl.'s Mot. to Remand [filed Aug. 3, 2006] [hereinafter "Def.'s Resp."].) Plaintiff did not file a reply brief.

On September 1, 2006, Defendant filed a designation of non-parties. (Def. Am. Family's Designation of Non Parties [sic] [filed Sept. 1, 2006] [hereinafter "Def.'s Designation"].) On October 2, 2006, this court scheduled a hearing on Plaintiff's motion to remand for October 13, 2006. (Minute Order [filed Oct. 2, 2006].) On October 10, 2006, Plaintiff filed a flurry of motions. First, she filed an unopposed motion to amend her complaint, seeking to add claims against the parties listed in Defendant's designation of non-parties. (Pl.'s Unopposed Mot. for Leave to File First Am. Compl. [filed Oct. 10, 2006] [hererinafter "Mot. to Amend Compl."].)

---

[1] Although the caption of Plaintiff's motion reflects the proper parties to the instant case, the motion is an otherwise verbatim copy of a motion to remand Plaintiff's counsel submitted on behalf of another plaintiff in *another case presently pending before me*. (*Compare* Pl.'s Br., *with Shylayeva-Kuchar v. Liberty Mut. Fire Ins. Co.*, 06–cv–01417–EWN–BNB, docket #11, Motion to Remand [filed Aug. 3, 2006].) Strikingly, Plaintiff's counsel neglected to revise the names of the parties or the statement of the controversy to reflect the parties or controversy in the instant case. (*See* Pl.'s Br. at 1 ["Defendant: [sic] Liberty Mutual Fire Insurance Company . . . has allegedly committed, *inter alia*, breach of contract and bad faith [sic] while adjusting Plaintiff's claim for underinsured motorist benefits . . . ."].) I refer Plaintiff's counsel to Rule 1.1 of the Colorado Rules of Professional Conduct and commend it to his careful attention. *See* Colo. R. Prof. Conduct 1.1 (2006) ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.")

Plaintiff asserts these parties are citizens of Colorado. (*Id.*) Next, Plaintiff filed a motion to amend her motion to remand and an amended motion to remand. (Pl.'s Mot. for Leave to Amend the Mot. to Remand and Amended Mot. to Remand [filed Oct. 10, 2006] [hereinafter "Pl.'s Am. Br."].) Therein, Plaintiff confesses her initial motion to remand and asserts that the parties that Plaintiff seeks to join in her motion to amend her complaint serve to defeat diversity jurisdiction. (*Id.*) Finally, Plaintiff moves this court to vacate the hearing set for October 13, 2006 on her initial motion to remand. (Unopposed Mot. to Vacate Oct. 13, 2006 Hearing on Pl.'s Mot. to Remand [filed Oct. 10, 2006].)

I now proceed to address the substance of the relevant motions. Plaintiff moves this court to allow her to amend her complaint to join additional non-diverse parties. (Mot. to Amend Compl. at 1–2.) The obvious consequence of Plaintiff's proposed amendment would be the destruction of diversity. *See* 28 U.S.C. § 1332(a) (2006) (stating diversity jurisdiction exists in cases where the amount in controversy between citizens of different states exceeds $75,000); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (stating complete diversity requires that all defendants have diverse citizenship from all plaintiffs), *overruled on other grounds*, *Louisville C. & C.R. Co. v. Letson*, 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (2006). "Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court . . . ." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). A court is invested with such discretion at least in part in order to maintain the flexibility

to address the questions of motive raised by the specter of fraudulent joinder. *See* 14C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3739 (2006) (stating that courts applying section 1447(e) consider a variety of predictable factors such as "the motivation for the joinder, whether or not the plaintiff was dilatory in seeking joinder, [and] judicial efficiency and economy"). In the instant case, Plaintiff seeks to amend her complaint to include parties that Defendant itself designated as "parties who may be wholly or partially at fault for Plaintiff's alleged injuries and damages." (Def.'s Designation at 1.) Thus, Defendant's own statement serves to ameliorate any concerns with Plaintiff's motivation for amending the complaint. *See Shaw v. Munford*, 526 F. Supp. 1209, 1213–14 (D.C.N.Y. 1981) (stating that when there is no showing that plaintiff seeks to join additional defendants solely to effectuate remand, the court may permit a new party to be added even though his citizenship destroys diversity). Indeed, Defendant's statement indicates that these parties may play such a significant role in the instant litigation that refusal to allow their joinder could compromise the efficiency and economy of the instant litigation. *See Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 581 (D. Ariz. 2003) (considering impact of decision to remand on judicial economy); *see also Jones v. Rent-A-Center E., Inc.*, 356 F. Supp. 2d 1273, 1277 (M.D. Ala. 2005) (permitting joinder where it was unclear that plaintiffs could obtain a complete relief without the presence of non-diverse parties). Moreover, this court's refusal to grant joinder might precipitate duplicitous parallel litigation in state and federal court. *See, e.g.*, *Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 135 (E.D.N.Y. 2003) (considering risk of multiple litigation in evaluating whether to allow joinder that would defeat diversity). Accordingly, I shall exercise my discretion to permit joinder of the parties named in Plaintiff's

amended complaint. Consequently, I must remand the case to state court. *See* 28 U.S.C. § 1447(e) (2006).

Based on the foregoing it is therefore ORDERED that:

1. PLAINTIFF's motion (#6) to remand based on failure to adequately allege amount in controversy is DENIED.

2. PLAINTIFF's motion (#13) to amend her complaint is GRANTED.

3. PLAINTIFF's amended motion (#15) to remand is GRANTED.

4. PLAINTIFF's motion (#16) to vacate the October 13, 2006 hearing on PLAINTIFF's motion (#6) to remand is GRANTED.

Dated this 13th day of October, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge